UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

HOTELS OF DEERFIELD, LLC, an Indiana
limited liability company, and MHG HOTELS,
LLC, an Indiana limited liability company,

    Plaintiffs,

v.

                                        Case No.: 0:21-cv-60980-XXXX

STUDIO 78, LLC, a Georgia limited liability
company, SHAILESH KALYAN, an individual,
PALMER ENGINEERING COMPANY, a Georgia
company, BAKULESH M. PATEL, P.E.,
an individual, PROMUS ENGINEERING, INC.,
a Tennessee Limited liability company,
DARIN FRICK, P.E., an individual,

    Defendants.
_____/

**DEFENDANTS, STUDIO 78, LLC AND SHAILESH KALYAN'S ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL**

Defendants, STUDIO 78, LLC and SHAILESH KALYAN (collectively, the "Defendants"), by and through the undersigned counsel and pursuant to the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Florida, and other applicable law, hereby file this Answer, Affirmative Defenses, and Demand for Jury Trial directed to Plaintiffs, MHG HOTELS, LLC and HOTELS OF DEERFIELD, LLC (collectively, the "Plaintiffs") Amended Complaint,[1] and state as follows[2]:

**PARTIES, JURISDICTION, AND VENUE**

---

[1] The Plaintiffs' Amended Complaint was filed in the Circuit Court in and for Broward County, Florida, prior to removal to the United States District Court for the Southern District of Florida.

[2] As stated as a footnote in Plaintiffs' Amended Complaint: "MHG HOTELS has filed a separate action against Studio 78 in the following captioned matter pending in the Southern District of Florida for certain damages arising from the Project: Case No. 0:19-cv-62880-RNS ('Separate Action'). MHG HOTELS is not asserting any damages in this action against Studio 78."

1. This is an action for damages that exceeds $30,000.00, exclusive of costs, interest and attorney's fees.

   **ANSWER:    Without knowledge.**

2. At all times material hereto, Hotels of Deerfield was and is an Indiana limited liability company authorized to and doing business in Broward County, Florida.

   **ANSWER:    Without knowledge.**

3. At all times material hereto, MHG HOTELS was and is an Indiana limited liability company authorized to and doing business in Broward County, Florida.

   **ANSWER:    Without knowledge.**

4. Upon information and belief, Studio 78 was and is a Georgia limited liability company authorized to and doing business in Broward County, Florida.

   **ANSWER:    Admit for jurisdictional purposes only.**

5. Upon information and belief, Defendant Shailesh Kalyan is an individual resident of Georgia, which performed work in Broward County, Florida.

   **ANSWER:    Admit for jurisdictional purposes only.**

6. Kalyan was a Florida licensed Architect from May 4, 2009 to February 28, 2019.

   **ANSWER:    Deny as phrased.**

7. Upon information and belief, Defendant Palmer is a Georgia corporation authorized to conduct business within the State of Florida.

   **ANSWER:    Without knowledge.**

8. Upon information and belief, Defendant Bakulesh M. Patel, P.E. is an individual resident of Tucker, Georgia, which performed work in Broward County, Florida.

   **ANSWER:    Without knowledge.**

9. At all relevant times, Patel was a Florida licensed professional engineer with license number 59718.

**ANSWER: Without knowledge.**

10. Upon information and belief, Defendant Promus is a Georgia corporation authorized to conduct business within the State of Florida.

**ANSWER: Without knowledge.**

11. Upon information and belief, Defendant Frick is an individual resident of Georgia, which performed work in Broward County, Florida.

**ANSWER: Without knowledge.**

12. Upon information and belief, Defendant Frick is not a registered professional engineer with the State of Florida but was listed as the professional engineer on behalf of Promus on the design documents.

**ANSWER: Without knowledge.**

13. Venue is proper in Broward County, Florida, because the causes of action alleged herein arose in Broward County, Florida and the Property which forms the subject matter of this Action is located in Broward County, Florida.

**ANSWER: Deny as phrased, See Notice of Removal.**

14. Jurisdiction is proper in this State pursuant to Florida's Long Arm Statute, § 48.193, Fla. Stat.

**ANSWER: Deny as phrased, See Notice of Removal.**

15. All conditions precedent to bringing the instant action have been performed, waived and/or otherwise excused.

**ANSWER: Deny.**

16. The Plaintiffs have retained the law firm of Peckar & Abramson, P.C. to prosecute this action and are obligated to pay a reasonable fee thereto.

**ANSWER:** Without knowledge.

## GENERAL ALLEGATIONS

17. This action arises out of the design of a hotel owned and operated by Plaintiffs: a Fairfield Inn & Suites located at 50 Fairway Drive, Hotels of Deerfield Beach, Florida 33441 ("Hotel").

**ANSWER:** Deny.

18. The Plaintiffs contracted for franchise rights with Fairfield Inn & Suites to build a Marriott Hotel ("Franchise Obligations").

**ANSWER:** Deny.

19. On or about April 25, 2017, Plaintiffs retained Studio 78 as the Architect of Record for the Hotel and entered into a contract ("Studio 78 Contract") pursuant to which Studio 78 would provide architectural and engineering services and serve as the Architect of Record for the Hotel. A copy of Studio 78 Contract is attached hereto as Exhibit A.

**ANSWER:** Deny.

20. In turn, Studio 78 retained Promus and Palmer to provide sub-consulting design and engineering work.

**ANSWER:** Deny as phrased.

21. Specifically, Palmer was retained as the Structural Engineer of Record on the Hotel and Promus was retained as the Mechanical, Electrical and Plumbing ("MEP") Engineer of Record.

**ANSWER:** Deny as phrased.

4

22. In general, Studio 78, Promus, and Palmer (collectively, "Design Team") were required to, inter alia: (i) provide 100% full and complete design documents; (ii) timely respond to Requests for Information ("RFI") and submittals; (iii) timely resolve design coordination issues; (iv) provide full and complete design and contract administration services; (v) ensure that plans were timely accepted for permitting; (vi) ensure that design documents were compliant with Florida Building Code and all applicable local, state, and federal regulations; (vii) that the plans complied with Marriott Courtyard Franchise Standards and Specifications; and (vi) [sic] to otherwise properly manage the design of the hotel.

**ANSWER:** Deny.

23. However, the Design Team failed to comply with the above requirements in a timely manner.

**ANSWER:** Deny.

24. Furthermore, the architectural plans and services provided by the Design Team were not provided with a degree of care and skill ordinarily exercised by design professional [sic] currently practicing under similar circumstances.

**ANSWER:** Deny.

25. As a direct result of the Design Team's failure to comply with their requirements, the Plaintiffs were forced to find a replacement design team, were delayed in the construction of the Hotel and suffered significant damages as a result of same.

**ANSWER:** Deny.

### COUNT I: PROFESSIONAL NEGLIGENCE
### (as to Studio 78, LLC)

26. Hotels of Deerfield re-alleges and re-avers paragraphs 1 through 25 of the Complaint as if fully set forth herein.

**Defendants reassert their responses to paragraphs 1 through 25 as if fully set forth herein.**

27. As Architect of Record on the Hotel, Studio 78 had a duty to provide design and engineering services in accordance with the standard of case [sic] used by similar design professionals in the same locale under similar conditions.

**ANSWER:** **Deny.**

28. Studio 78 drew and submitted the design documents and specifications for Hotel of Deerfield's benefit and use in order to build the Hotel with full knowledge that Hotels of Deerfield would rely upon this information furnished to it in order to perform its obligations under the Franchise Obligations and build the Hotel.

**ANSWER:** **Deny.**

29. Studio 78's duties to the Plaintiffs on the Hotel included, among other things: (i) providing complete and full architectural services; (ii) timely preparing design documents that complied with Florida Building Codes, including drawings and specifications; (iii) providing contract administration services; (iv) timely review and respond to RFIs and submittals; (v) issuing supplemental and revised drawings in a timely manner; (vi) providing on-site construction administration; (vii) timely coordinating the design of civil engineering, structural, mechanical and electrical systems; (viii) timely reviewing and resolving change order requests; (iv) resolving design conflicts in a timely manner; (x) ensure that design documents were compliant with Florida Building Code and all applicable local, state, and federal regulations; (xi) that the plans complied with Marriott Courtyard Franchise Standards and Specifications, and (xii) otherwise properly managing the design process.

**ANSWER:** **Deny.**

30. Studio 78 knew that Hotels of Deerfield was relying on it to adequately furnish its scope of work free and clear of deficiencies and in a non-negligent manner, and Hotels of Deerfield did, in fact, reasonably rely on same, to its detriment. Studio 78 owed Hotels of Deerfield a duty of care.

**ANSWER:** Deny.

31. Studio 78 breached its duty to Hotels of Deerfield and breached the applicable standard of care by providing a design for the Hotel that was deficient, untimely, incomplete, and did not meet [the] Florida Building Code.

**ANSWER:** Deny.

32. Studio 78 also breached its duty to Hotels of Deerfield and the applicable standard of care by failing to resolve design conflicts in a timely manner and by failing to properly manage the design process, and by failing to properly oversee Palmer and Promus's scope of work.

**ANSWER:** Deny.

33. As a direct and foreseeable result of Studio 78's negligent acts, errors and/or omissions, Hotels of Deerfield has suffered both direct and special damages including, without limitation, diminution in value, consulting expenses, legal expenses, project administration costs, delay damages, additional security cost, additional construction costs, additional financing carrying costs, lost revenue, and other consequential damages.

**ANSWER:** Deny.

### COUNT II: PROFESSIONAL NEGLIGENCE
### (as to Shailesh Kalyan)

34. The Plaintiffs re-allege and re-aver paragraphs 1 through 25 of the Complaint as if fully set forth herein.

**Defendants reassert their responses to paragraphs 1 through 25 as if fully set forth herein.**

35. Kalyan used to be a Florida licensed Architect from May 4, 2009 to February 28, 2019 retained [sic] to perform architectural services in accordance with the standard of care used by architectural service providers in the same locale under similar circumstances.

**ANSWER:   Deny as phrased.**

36. Kalyan conducted its architectural services with full knowledge that Plaintiffs would rely on these services in performing its obligations with the Franchise Obligations and in constructing the Hotel.

**ANSWER:   Deny as phrased.**

37. Kalyan knew that Plaintiffs were relying on him to adequately furnish his scope of work free and clear of deficiencies and in a non-negligent manner, and Plaintiffs did, in fact, reasonably rely on same, to their detriment.

**ANSWER:   Deny.**

38. Kalyan owed Plaintiffs a duty of care, which he breached.

**ANSWER:   Deny.**

39. Kalyan breached his duties to Plaintiffs when his services fell below [the] applicable standard of care by providing architectural services of the Hotel that were deficient, late, non-compliant with the Florida Building Code, and incomplete.

**ANSWER:   Deny.**

40. As a direct and foreseeable result of Kalyan's alleged negligent acts, errors and/or omissions, Plaintiffs have suffered actual and consequential damages, including without limitation, diminution in value, consulting expenses, legal expenses, lost revenue, project

administration costs, delay damages, additional security cost, additional construction costs, additional financing carrying costs, and other consequential damages.

**ANSWER:** Deny.

### COUNT III: PROFESSIONAL NEGLIGENCE
### (as to Palmer Engineering Company)

41. The Plaintiffs re-allege and re-aver paragraphs 1 through 25 of the Complaint as if fully set forth herein.

**Defendants reassert their responses to paragraphs 1 through 25 as if fully set forth herein.**

42. – 48. **The allegations contained in this Count are not directed to these Defendants; however, to the extent that the allegations contained in this Count are applicable to these Defendants, the allegations are denied.**

### COUNT IV: PROFESSIONAL NEGLIGENCE
### (as to Bakulesh M. Patel, P.E., LEED AP)

49. The Plaintiffs re-allege and re-aver paragraphs 1 through 25 of the Complaint as if fully set forth herein.

**Defendants reassert their responses to paragraphs 1 through 25 as if fully set forth herein.**

50. – 55. **The allegations contained in this Count are not directed to these Defendants; however, to the extent that the allegations contained in this Count are applicable to these Defendants, the allegations are denied.**

### COUNT V: PROFESSIONAL NEGLIGENCE
### (as to Promus, Inc.)

56. The Plaintiffs re-allege and re-aver paragraphs 1 through 25 of the Complaint as if fully set forth herein.

**Defendants reassert their responses to paragraphs 1 through 25 as if fully set forth herein.**

57. – 64. **The allegations contained in this Count are not directed to these Defendants; however, to the extent that the allegations contained in this Count are applicable to these Defendants, the allegations are denied.**

## COUNT VI: PROFESSIONAL NEGLIGENCE
## (as to Darin Frick, PE)

65. The Plaintiffs re-allege and re-aver paragraphs 1 through 25 of the Complaint as if fully set forth herein.

**Defendants reassert their responses to paragraphs 1 through 25 as if fully set forth herein.**

66. – 71. **The allegations contained in this Count are not directed to these Defendants; however, to the extent that the allegations contained in this Count are applicable to these Defendants, the allegations are denied.**

## AFFIRMATIVE DEFENSES

1. As their first Affirmative Defense, Defendants state that the Plaintiffs' claims are barred by the statute of limitations. Specifically, the Florida statute of limitations for a professional malpractice claims is two years, and runs "from the time the cause of action is discovered or should have been discovered with the exercise of due diligence." See Fla. Stat. § 95.11(4)(a). Moreover, the subject hotel project was *not built* from the Defendants' designs, and thus, the designs submitted by Defendants *did not improve any real property*, making Fla. Stat. § 95.11(3) inapplicable.

2. As their second affirmative defense, Defendants state that they are not liable for any damages to the extent the alleged damages arise out of the negligent acts of any sub-consultants, as all sub-consultants, were independent contractors. "[A]n employer is not liable for the negligent acts of an independent contractor because he lacks control over the manner in which the work is performed." Accordingly, Defendants are not liable for the negligent acts of any subcontractors. *Fisherman's Paradise, Inc. v. Greenfield*, 417 So. 2d 306, 307 (Fla. 3d DCA 1982) (citing 2 Fla.Jur.2d, Agency and Employment § 109 (1977)).

3. As their third affirmative defense, Defendants state that Plaintiffs' purported damages, in whole or in part, resulted from the negligence of persons or entities who are not parties to this suit and damages assessed against it must be reduced by the percentage of fault attributable to said parties. *Fabre v. Marin,* 623 So. 2d 1182 (Fla. 1992), including Eric Anderson of Anderson Architecture. Other specific *Fabre* defendants will be named as they are revealed through the discovery progresses.

4. As their fourth affirmative defense, Defendants state that any alleged liability against Defendant is limited by Florida Statute §768.81, and the doctrine of comparative negligence, insofar as Plaintiffs their employees, subcontractors, or consultants were negligent and responsible for the damages that are being alleged in the Complaint.

5. As their fifth affirmative defense, Defendants state that Plaintiffs claims are barred because any claimed damages were the result of intervening and superseding acts which sever any causal relationship between Defendants' acts and Plaintiffs' supposed damages.

6. As their sixth affirmative defense, Defendants state that any recovery by Plaintiffs must be reduced or set-off, to the extent there is or was any payment received by Plaintiffs from

11

others (including from other litigation arising from the same incident that forms the basis of this suit) for payment, or settlement, of the cause of action alleged in Plaintiffs' operative Complaint.

7. As their seventh affirmative defense, Defendants state that, to the extent Plaintiffs' damages were caused by construction errors or deficiencies, Defendants cannot be held responsible because Defendants were not responsible for anyone's means and methods of construction.

8. As their eighth affirmative defense, Defendants state that Plaintiffs' claims for professional negligence against Defendants fail as a matter of law because they are based on duties outside the scope of and/or expressly excluded from the applicable Professional Agreement. *A. R. Moyer* v. *Graham,* 285 So. 2d 397 (Fla. 1973); *Schwartz* v. *Ford, Bacon & Davis Construction Corp.,* 469 So. 2d 232 (Fla. 1 DCA 1985); *Vorndran* v. *Wright,* 367 So. 2d 1070 (Fla. 3d DCA 1979).

9. As their ninth affirmative defense, Defendants state that that Plaintiffs' alleged damages are barred and/or reduced on the basis of the "first cost defense" or "betterment." See e.g. *Grossman v. Sea Towers, Ltd.*, 513 So.2d 686, 688 (Fla. 3d DCA 1987) ("It is significant on this point that neither the architectural specifications nor the structural design was deficient for the original intended purpose. The proper measure of damages, therefore, should have been the amount necessary to restore the deck to its original condition…."); *See also*, *Sch. Bd. Of Broward County v. Pierce Goodwin Alexander & Linville*, 2014 WL 1031461 (Fla.4th DCA 2014); *Soriano v. Hunton, Shivers, Brady & Associates*, 524 So. 2d 488 (Fla. 5th DCA 1988).

10. As their tenth affirmative defense, Defendants state that Plaintiff claims are barred because Plaintiffs failed to comply with all conditions precedent prior to filing the subject lawsuit, including, but not limited to, fully complying with Florida Statute § 558.

11. As their eleventh affirmative defense, Defendants state that the tort claims are barred by the "Independent Tort Doctrine."

12. As their twelfth affirmative defense, Defendants state that the Defendant(s) were relieved from performance obligations under its applicable contract, as the other party to that contract with the Defendant(s) failed to pay the Defendant(s), thereby committing a material breach and excusing Defendant(s)'s performance under the contract.

13. As their thirteenth affirmative defense, Defendants state that the Defendants are entitled to a setoff for all monies owed.

14. As their fourteenth affirmative defense, Defendants state that Defendants do not owe any duties to Plaintiff, Hotels of Deerfield, LLC.

15. As their fifteenth affirmative defense, these Defendants assert that the Plaintiff is not entitled to recover for any damages that could have been mitigated or avoided by the use of reasonable efforts or expenditures. *See EGSC Loveland, Inc. v. West Towing*, 608 F.2d 160 (Fla. 1979)*; Jenkins v. Grahams,* 237 So.2d 330 (Fla. 1970); *State Ex. Rel. Dresskel v. City of Miami,* 13 So.2d 707 (Fla. 1943) (Principal of avoidable consequences in which the reduction of damage rule is applicable to virtually every type of case in which recovery of money judgment or award is authorized and addresses itself to the equity of the law that a plaintiff shall not recover for consequences of a defendant's acts which were readily avoidable).

16. As their sixteenth affirmative defense, Defendants state that any architectural services it provided complied with the applicable standard of care within the community at the time in question, and complied with all governmental codes and mandates.

17. As their seventeenth affirmative defense, Defendants state that pursuant to the Seibert Doctrine, these Defendants met the applicable standard of care because the work performed

was in compliance with all applicable codes and approved by the State of Florida. *See Edward J. Seibert, A.I.A., Architect & Planner, P.A. v. Bayport Beach & Tennis Club Association, Inc.*, 573 So.2d 889 (Fla. 2d DCA 1990).

18. As their eighteenth affirmative defense, Defendants state that the Plaintiffs and/or other parties failed to disclose important information necessary for Defendants to perform its contractual and/or other obligations, and therefore, any breach by Defendants was a result of the Plaintiff's and/or other parties' failure to disclose.

19. As their nineteenth affirmative defense, Defendants state that the alleged actions and/or omissions against the Defendants was not the cause or proximate cause for the damages alleged by Plaintiffs, and therefore Defendants should not be held liable for any of the claimed damages.

20. As their twentieth affirmative defense, Defendants state that this action is barred by *Slavin v. Kay*, 108 So. 2d 462 (Fla. 1959).

21. As their twenty-first affirmative defense, Defendants state that the Plaintiffs lack standing, and thus cannot bring the subject claims against the Defendants.

22. As their twenty-second affirmative defense, Defendants state that the Defendants had no actual or constructive notice of the alleged defects or alleged conditions, and thus, Defendants are not liable.

23. As their twenty-third affirmative defense, Defendants state that the Plaintiffs waived all right to consequential damages, and thus Plaintiffs are barred from seeking consequential damages.

24. As their twenty-fourth affirmative defense, Defendants state that to the extent the Plaintiffs are seeking betterment or a repair or improvement, which enhances the value more than

replacement, maintenance, or repair of allegedly defective or non-conforming work, those claims should be reduced or prohibited.

25. As their twenty-fifth affirmative defense, Defendants state that the subject claim is barred and/or impermissible because of the related pending lawsuit already filed by Plaintiff, MHG Hotels, LLC, pending in the United States District Court for the Southern District, bearing case number 0:19-cv-62880-RNS, the "Separate Action."

26. As their twenty-sixth affirmative defense, Defendants state that Plaintiffs failed to mitigate their damages, if any.

27. As their twenty-seventh affirmative defense, Defendants state that Plaintiffs damages were not a natural, probable, and foreseeable result of any conduct by Defendants.

28. As their twenty-eighth affirmative defense, Defendants state that Plaintiffs claims are barred by the economic loss doctrine.

29. Defendants reserve the right to amend these affirmative defenses throughout the course of discovery.

## DEMAND FOR JURY TRIAL

Defendants demand trial by jury of all issues so triable as a right by jury.

## MOTION TO STRIKE ATTORNEY'S FEES

Defendants move to strike all reference to attorney's fees in the operative complaint as not applicable and therefore not recoverable by Plaintiffs.

Respectfully submitted,

*/s/ Jorge L. Cruz, Esq.*
Daniels, Rodriguez, Berkeley, Daniels & Cruz, P.A.
*Attorneys for Studio 78, LLC and Shailesh Kalyan*
4000 Ponce De Leon Blvd., Suite 800

>Coral Gables, FL 33146
>Jorge L. Cruz, Esq.
>Florida Bar No.: 590681
>jcruz@drbdc-law.com
>Jonathan R. Lanni
>Florida Bar No.: 112055
>jlanni@drbdc-law.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on May 17, 2021 the foregoing was served electronically via email to all counsel of record.

>Respectfully submitted,
>
>*/s/ Jorge L. Cruz, Esq.*
>Daniels, Rodriguez, Berkeley, Daniels & Cruz, P.A.
>*Attorneys for Defendant/Third-Party Plaintiff,*
>*Studio 78, LLC*
>4000 Ponce De Leon Blvd., Suite 800
>Coral Gables, FL 33146
>Jorge L. Cruz, Esq.
>Florida Bar No.: 590681
>jcruz@drbdc-law.com
>Jonathan R. Lanni
>Florida Bar No.: 112055
>jlanni@drbdc-law.com