UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60980-CIV-SINGHAL

HOTELS OF DEERFIELD, LLC, an Indiana
limited liability company, and MHG HOTELS,
LLC, an Indiana limited liability company,

    Plaintiffs,

v.

STUDIO 78, LLC, a Georgia limited liability
company, SHAILESH KALYAN, an individual,
PALMER ENGINEERING COMPANY, a Georgia
company, BAKULESH M. PATEL, P.E.,
an individual, PROMUS, INC.,
a Tennessee Limited liability company,
DARIN FRICK, P.E., an individual,

    Defendants.
_____/

## OPINION AND ORDER

**THIS CAUSE** is before the Court upon the Motion for Judgment on the Pleadings ("Motion") (DE [73]), filed on December 29, 2021, by Defendant Palmer Engineering Company ("Palmer"), Defendant Bakulesh M. Patel, P.E. ("Patel"), Defendant Promus, Inc. ("Promus"), and Darin Frick, P.E. ("Frick") (together "Defendants"). Plaintiffs Hotels of Deerfield, LLC and MHG Hotels, LLC filed a Response in Opposition ("Response") (DE [82]) on January 12, 2022. Defendants filed a Reply to Plaintiff's Response in Opposition ("Reply") (DE [85]) on January 19, 2022. The Motion is now ripe for this Court's consideration.

### I. BACKGROUND

This action involves alleged deficiencies related to the design of a Fairfield Inn & Suites Hotel in Deerfield Beach, Florida. On March 20, 2018, MHG Hotels, LLC sued

Studio 78, LLC, Promus, Palmer, and SBI Engineers, PLLC in Indiana state court. *See MHG Hotels, LLC v. Studio 78, LLC., et al.*, Case No.:49D04-1802-PL ("Indiana state court action"). The Indiana state court action was removed to the U.S. District Court for the Southern District of Indiana on April 19, 2018. *See MHG Hotels, LLC v. Studio 78, LLC, et al.*, Case No. 1:18-cv-1199-WTL-TAB ("Indiana federal court action"). On June 13, 2018, MHG Hotels, LLC voluntarily dismissed without prejudice Defendants Palmer, Promus, and SBI Engineers, PLLC from the Indiana federal court action under Fed. R. Civ. P. 41(a)(1)(A). *See* (DE [82-1]). In April 2021, MHG Hotels, LLC and Hotels of Deerfield, LLC sued Palmer and Promus in Broward County Circuit Court. *See MHG Hotels, LOLC et al. v. Studio 78, LLC et al.*, Case No. CACE-21-007766(09) ("Florida state court action"). MHG Hotels, LLC and Hotels of Deerfield, LLC subsequently added claims against Frick and Patel individually. The Florida state court action was subsequently removed to this Court as the present action. *See* (DE [1]).

II. **LEGAL STANDARD**

Pursuant to Fed. R. Civ. P. 12(c), after the pleadings are closed, a party may move for judgment on the pleadings if no material facts remain at issue and the parties' dispute can be resolved on the pleadings and those facts of which the court can take judicial notice. *See* Fed. R. Civ. P. 12(c); *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. *See Hawthorne*, 140 F.3d at 1370. Under Rule 12(b)(6), the defendant may seek to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering such a motion, the Court must "accept the facts alleged in the complaint as true and draw all

2

inferences that favor the nonmovant." *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998).

### III. <u>DISCUSSION</u>

Defendants argue that MHG Hotels, LLC circumvented the case management order in the Indiana federal court action by filing the present action and have thereby engaged in improper claim splitting. *See* Motion, at 5. Defendants assert that Hotels of Deerfield's interests were virtually represented in the Indiana federal court action because MHG Hotels, LLC served as its agent for development, design, and construction of the project. *Id.* at 7. Moreover, Defendants add, both entities share a common owner and principal. *Id.* Second, Defendants argue this case arises from the same transaction and nucleus of operative facts at issue in the Indiana federal court action. *Id.* at 9. Finally, Defendants contend the present action is a waste of judicial time and resources. *Id.* at 14. The crux of these arguments is that the doctrine of *res judicata* bars the present action.

Plaintiffs first argue that the Motion improperly references facts and matters outside the scope of the pleadings. *See* Response, at 3–4. Second, Plaintiffs argue that Defendants have waived the defense of *res judicata* by failing to plead the same in their first responsive pleading. *Id.* at 4–5. Third, Plaintiffs argue that *res judicata* is inapplicable because a voluntary dismissal without prejudice is not an adjudication on the merits. *Id.* at 6–7. Fourth, Plaintiffs argue that Defendants' argument regarding improper claim splitting is without merit because *res judicata* does not apply. *Id.* at 7–10.

The narrow issue before the Court is whether the doctrine of *res judicata* applies to bar Plaintiffs' claims against Defendants. Under the doctrine of *res judicata*, a claim is barred by prior litigation only if (1) there is a final judgment on the merits, (2) the decision was rendered by a court of competent jurisdiction, (3) the parties, or those in privity with

them, are identical in both actions, and (4) the same cause of action is involved in both cases. *Griswold v. County of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010) (citing *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999)). Critically, "[a] dismissal without prejudice is not an adjudication on the merits and thus does not have a *res judicata* effect." *Hughes v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990)); *see Powrzanas v. Jones Utility and Contracting Co. Inc.*, 822 Fed. Appx. 926, 927 (11th Cir. 2020) (same); *Guice v. Postmaster General, U.S. Postal Service*, 747 Fed. Appx. 827, 829 (11th Cir. 2018) (same).

Applied here, Defendants cannot establish a final adjudication on the merits as to the claims asserted against them in the Indiana federal court action because each one was voluntarily dismissed without prejudice. The fact that defendant Studio 78, LLC subsequently named Defendants as third-party defendants in the Indiana federal court action is of no effect because Studio 78, LLC was an adverse party to Plaintiffs—not an identical party or party in privity. Accordingly, the Court finds that Defendants cannot assert *res judicata* to bar the present action. By extension, Defendants' claim splitting argument is unavailing because "if res judicata is not a bar to the bringing of a claim, impermissible splitting of causes of action is not either." *Tyson v. Viacom, Inc.*, 890 So.2d 1205, 1211 (Fla. 4th DCA 2005). The Court finds that *res judicata* does not bar Plaintiffs' claims against Defendants.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion for Judgment on the Pleadings (DE [73]) is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 11th day of March 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF