UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60980-CIV-SINGHAL/VALLE

HOTELS OF DEERFIELD, LLC, an Indiana limited liability company, and MHG HOTELS, LLC, an Indiana limited liability company,

  Plaintiff,

v.

STUDIO 78, LLC, a Georgia limited liability company, SHAILESH KALYAN, an individual, PALMER ENGINEERING COMPANY, a Georgia company, BAKULESH M. PATEL, P.E., an individual, PROMUS, INC., a Georgia corporation, DARIN FRICK, P.E., an individual,

  Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Summary Judgment on Defendants' Affirmative Defenses Concerning Subsequent Design Professionals, filed on May 20, 2022 (the "Motion") (DE [105]). The Motion has become moot with respect to Defendants Palmer Engineering Company, Patel, Promus, Inc., and Frick in light of the parties' Joint Stipulation (DE [127]). Accordingly, the Court will decide this Motion only as to Defendants Studio 78, LLC and Kalyan (the "Defendants"). Defendants filed a Response on June 2, 2022 (DE [116]). Plaintiffs filed a Reply on June 8, 2022 (DE [128]). The Motion is now ripe for this Court's consideration.

  **I.** **BACKGROUND**

Plaintiffs seek summary judgment to preclude Defendants' twenty-ninth affirmative defense, which states:

> As their twenty-ninth affirmative defense, Defendants apprise themselves of Rule 61G1-18.002 of the Florida Administrative Code, entitled "Procedures for a Successor Architect Adopting as his own the Work of another Architect" and Florida Statute Chapter 481, Part One. To the extent that there exists a successor architect that signed and sealed original documents prepared by the Defendants, those documents must be treated as though they are the successor architect's original project and the Defendants would be released from all professional and legal responsibility or civil liability for any prior work, and the successor architect can in no way exempt himself from such full responsibility, and the successor architect must follow all procedures outlined in Rule 61G1-18.002 and Chapter 481, Florida Statutes, as applicable, including Fla. Stat. section 481.221.

(DE [55], at 17). Rule 61G1-18.002 provides:

> (1) A successor registered architect seeking to reuse already sealed contract documents under the successor registered architect's seal must be able to document and produce upon request evidence that he has in fact recreated all the work done by the original registered architect. Further, **the successor registered architect must take all professional and legal responsibility for the documents which he sealed and signed and can in no way exempt himself from such full responsibility.** Plans need not be redrawn by the successor registered architect; however, justification for such action must be available through well kept and complete documentation on the part of the successor registered architect as to his having rethought and reworked the entire design process. A successor registered architect must use his own title block, seal and signature and must remove the title block, seal and signature of the original registered architect before sealing, signing and dating any sealed contract documents.
> (2) Prior to sealing, signing and dating work, a successor registered architect shall be required to notify the original registered architect, his successors, or assigns by certified letter to the last known address of the original registered architect of the successor's intention to use or reuse the original registered architect's work. The successor registered architect will take full responsibility for the drawing as though they were the successor registered architect's original product.

Fla. Admin. Code. R. 61G1-18.002 (emphasis added). Plaintiffs contend this affirmative defense fails because Rule 61G1-18.002 only concerns a successor architect's signing and sealing of plans in the context of licensing and disciplinary proceedings and is thus

2

inapplicable to an affirmative defense. *See* Motion, at 9–10. Plaintiffs note this regulatory provision is nearly identical to Rule 61G15-27.001, which applies to engineers. *Id.* Plaintiffs cite *Villanueva v. Reynolds, Smith and Hills, Inc.*, 159 So. 3d 200, 204 (Fla. 5th DCA 2015), which interpreted Rule 61G15-27.001 as limited to licensing and disciplinary proceedings. Specifically, *Villanueva* rejected the argument that Rule 61G15-27.001 "places all professional responsibility and legal responsibility for a project on a successor engineer where the successor engineer signs and seals a set of design plans superseding an initial engineer's plans." 159 So. 3d at 205 n.2. "Rule 61G15—as well as Chapter 471, Florida Statutes—discusses a successor engineer's signing and sealing of plans only in the context of licensing and disciplinary proceedings. No statute or rule allows an original engineer to escape liability because a successor engineer signed and sealed a set of plans that altered and superseded the original engineer's plans." *Id.* Second, Plaintiffs argue that even if this rule was an affirmative defense, the record shows Anderson Architecture, Inc. expressly rejected and refused to adopt Defendants' architectural documents. *See* Motion, at 11. Finally, Plaintiffs contend that chapter 471 and section 481.221 relate to seals of architects and interior designers and the display of certificate numbers. *Id.* No where in chapter 481, Plaintiffs contend, does the legislature address potential liability of an original or successor architect. *Id.*

Defendants respond that Plaintiff's Motion is an improper motion to strike veiled as a motion for summary judgment. *See* Response, at 5–6. Defendants assert that Plaintiffs have waived any challenge to their affirmative defense by not moving to strike. *Id.* Second, Defendants argue that reliance on *Villanueva* is misplaced because the present action involves architects, not engineers, *Villanueva*'s procedural posture was distinct from the

3

present action, and genuine issues of fact precluded summary judgment in *Villanueva*. *Id.* at 7. Third, Defendants contend the Motion asks this Court to prematurely determine the liability of Defendants and other fact issues not fit for resolution at the summary judgment phase. *Id.* at 8.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment "is appropriate only if 'the movant shows that there is no genuine [dispute] as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a));[1] *see also Alabama v. North Carolina*, 560 U.S. 330, 344 (2010). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is "genuine" if a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). "[W]here the material facts are undisputed and do not support a reasonable inference in favor of the non-movant, summary judgment may properly be granted as a matter of law." *DA Realty Holdings, LLC v. Tenn. Land Consultants*, 631 Fed. Appx. 817, 820 (11th Cir. 2015).

---

[1] The 2010 Amendment to Rule 56(a) substituted the phrase "genuine dispute" for the former "'genuine issue' of any material fact."

The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.  *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014).  However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).  "[T]his, however, does not mean that we are constrained to accept all the nonmovant's factual characterizations and legal arguments." *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994).

"Partial summary judgment may properly be granted on affirmative defenses." *Tingley Sys., Inc. v. HealthLink, Inc.*, 509 F. Supp. 2d 1209, 1218 (M.D. Fla. 2007) (cleaned up). "Plaintiff has the burden of showing that Defendant cannot maintain these defenses by a preponderance of the evidence." *Lebron v. Royal Caribbean Cruises, Ltd.*, 2018 WL 5098972, at *2 (S.D. Fla. Aug. 14, 2018) (cleaned up). "[I]t is never enough simply to state that the non-moving party cannot meet its burden at trial," *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991), because "the moving party must point to specific portions of the record in order to demonstrate that the nonmoving party cannot meet its burden of proof at trial," *United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Cntys. in State of Ala.*, 941 F.2d 1428, 1438 n.19 (11th Cir. 1991). After the plaintiff makes such a showing, "[t]he defending party must rely on or submit record evidence in support of the purported affirmative defenses to create a genuine issue of material fact preventing the entry of summary judgment." *Meth Lab Cleanup, LLC v. Spaulding Decon, LLC*, 2015 WL 4496193, at *7 (M.D. Fla. July 23, 2015).

### III. DISCUSSION

As an initial matter, the Court rejects outright Defendants' contention that summary judgment is not a proper means to challenge affirmative defenses. *See, e.g.*, *Tingley Sys.*, 509 F. Supp. 2d at 1218. The Court is aware of no authority, and Defendants cite none, for the proposition that a plaintiff waives challenging an affirmative defense by not moving to strike.

The Court finds Defendants' argument regarding *Villanueva* unavailing. *Villanueva* interpreted a nearly identical regulation in a similar profession. While not factually and procedurally identical to the facts of the present action, the Court finds this decision provides persuasive guidance in interpreting Rule 61G1-18.002. That decision held the administrative provision applicable to engineers (and almost identical to the one in this case) was limited to licensing and disciplinary proceedings. *Villanueva*, 159 So. 3d at 204. Specifically, that court found the regulation "discusses a successor engineer's signing and sealing of plans only in the context of licensing and disciplinary proceedings. No statute or rule allows an original engineer to escape liability because a successor engineer signed and sealed a set of plans that altered and superseded the original engineer's plans." *Id.* at n.2. In our case, Rule 61G1-18.002 does not state whether the original architect escapes liability when a successor architect has signed and sealed a set of plans that alter and supersede the original plans. While the Rule states that the successor architect "must take all professional and legal responsibility for the documents which he sealed and signed and can in no way exempt himself from such full responsibility," the Rule is silent with regard to the original architect's liability. Thus, in light of *Villanueva*'s guidance in its interpretation of a nearly identical regulation for a

related profession, and this Court's own textual analysis of Rule 61G1-18.002, the Court finds there is no basis to conclude Rule 61G1-18.002 releases the original architect of liability. Therefore, as a matter of law, the Rule cannot be utilized by Defendants as an affirmative defense.

This finding is further supported by reference to the statute that Rule 61G1-18.002 was promulgated under. That statute, Fla. Stat. § 481.221, provides, in pertinent part:

> No registered architect shall affix [] his signature or seal to any final construction document or instrument of service which includes drawings, plans, specifications, or architectural documents which were not prepared by [] him or under [] his responsible supervising control or by another registered architect and reviewed, approved, or modified and adopted by [] him as [] his own work according to rules adopted by the board.

Fla. Stat. § 481.221(6) (cleaned up). And Chapter 481 explains generally "[t]he primary legislative purpose for enacting this part is to ensure that every architect practicing in this state meets minimum requirements for safe practice. It is the legislative intent that architects who fall below minimum competency or who otherwise present a danger to the public shall be prohibited from practicing in this state." Fla. Stat. § 481.201. Stated differently, Chapter 481 is concerned with ensuring that Florida architects meet minimal standards and imposes a licensing scheme to achieve this objective. And section 481.221 essentially prohibits architects from affixing their signature or seal to work not performed by them unless the work is "by another registered architect" and is "reviewed, approved, or modified and adopted" by the architect in accordance with "rules adopted by the board." Rule 61G1-18.002 constitutes one of those rules and makes clear that the successor architect assumes liability for the "reviewed, approved, or modified and adopted" work. Both the rule and statute say nothing with regards to whether the original architect is released from liability.

7

Defendants' final argument is not persuasive. In interpreting Rule 61G1-18.002 to determine whether it provides a basis for Defendants to state an affirmative defense, the Court is not making determinations of liability or resolving questions of fact. The Court is merely determining whether the Rule provides Defendants a basis to assert an affirmative defense as a matter of law. At no point in the above analysis did this Court address questions of fact, credibility, or liability. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Summary Judgment on Defendants Studio 78, LLC and Kalyans' Affirmative Defense Concerning Subsequent Design Professionals (DE [105]) is **GRANTED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 10th day of August 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel via CM/ECF