UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60980-CIV-SINGHAL/VALLE

HOTELS OF DEERFIELD, LLC, an
Indiana limited liability company, and
MHG HOTELS, LLC, an Indiana limited
liability company,

      Plaintiffs,

v.

STUDIO 78, LLC, a Georgia limited
liability company, SHAILESH
KALYAN, an individual, PALMER
ENGINEERING COMPANY, a Georgia
company, BAKULESH M. PATEL,
P.E., an individual, PROMUS, INC., a
Georgia corporation, DARIN FRICK,
PE., an individual,

      Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Promus, Inc.'s (the "Defendant")

Motion *In Limine*, filed on June 20, 2022 (the "Motion") (DE [134]). Plaintiffs filed a

Response on July 5, 2022 (DE [136]). Defendant filed a Reply on July 12, 2022 (DE [143]).

The Motion is now ripe for this Court's consideration.

First, Defendant seeks to preclude the engineering opinions of Eric Anderson, his

October 2, 2018 memorandum, and his March 25, 2021 affidavit submitted with expert

disclosures. Defendant argues these items lack probative value because Anderson

testified at a deposition that he was not retained to opine on the standard of care for

subconsultant engineers. Moreover, Defendant asserts that Anderson's review of the

plans and rejection of the project, which is alleged to have caused Plaintiffs' delay

damages, occurred after Defendant was constructively terminated. Additionally,

Defendant adds, Anderson cannot identify when his opinions were formed and shared with Plaintiffs. Second, Defendant asserts the memo and affidavit are hearsay and the opinions of other experts contained therein are double hearsay. Third, Defendant asserts that permitting Anderson to parrot the engineering opinions of Plaintiffs' other witnesses is improper witness bolstering.

Plaintiffs respond that the memo and affidavit are relevant and have probative value. Plaintiffs contend the memo was created to assist Plaintiffs in understanding why several general contractors refused to build the project in accordance with Defendants' prepared plans. Second, Plaintiffs argue the memo and affidavit are neither unfairly prejudicial nor misleading, and any unfair prejudice is not substantially outweighed by the strong probative value they contain in answering why subcontractors refused to build the project. Third, Plaintiffs argue the memo and affidavit are not hearsay and can come into evidence under FRE 703 and the business records exception.

This Court already ruled on whether Anderson can offer expert testimony. *See* (DE [148]). Any proffered expert testimony must comply with the Federal Rules of Evidence and may not delve into improper witness bolstering or offer hearsay absent a valid exception. The Court next addresses whether the memo and affidavit are admissible. Both are out of court statements being offered for the truth of the matter asserted and are inadmissible hearsay unless an exception applies. Plaintiffs argue these items can come in under FRE 703 or 803(6).

FRE 703 provides:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury

only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

The Court does not see how this rule allows Plaintiffs' expert report to be admitted into evidence. The report contains substantially more than merely the facts and data upon which Anderson relies. It contains Anderson's substantive analysis and ultimate conclusions on whether the plans prepared by Plaintiffs were adequate. Thus, FRE 703 does not apply.

FRE 803(6) provides that "[a] record of an act, event, condition, opinion, or diagnosis" may be admissible if (1) "the record was made at or near the time by—or from information transmitted by—someone with knowledge," (2) "the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit," (3) "making the record was a regular practice of that activity," (4) "all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification," and (5) "the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." FED. R. EVID. 803(6). The Court finds it difficult to conceive how either the memo or affidavit could be understood to have been kept in the course of a regularly conducted business activity of Plaintiffs. "Unlike payrolls, accounts receivable, accounts payable, bills of lading and the like," the memo and affidavit "are calculated for use essentially in the court, not in the business. Their primary utility is in litigating, not in [operating Plaintiffs' business]." *Palmer v. Hoffman*, 318 U.S. 109, 114 (1943). The memo and affidavit are "not a record made for the systematic conduct of the business as a business. [The memo and affidavit] may affect [the] business in the sense that it affords

3

information on which the management may act. [They are] not, however, typical of entries made systematically or as a matter of routine to record events or occurrences, to reflect transactions with others, or to provide internal controls." *Id.* at 113. Accordingly, the memo and affidavit are not admissible under FRE 803(6). The Court finds no other basis upon which either of these items could survive application of the hearsay rule. Accordingly, the memo and affidavit are inadmissible.

Second, Defendant seeks to preclude references to general contractors Mark Butters, Edwin Elwell, and Ken Ringer and their criticisms of the design plans due to the risk of unfair prejudice. Plaintiffs respond that the three contractors' criticisms of Defendant's design documents are highly relevant because they are probative of whether the design plans were adequate. Plaintiffs further contend that references to the general contractors' criticisms are not hearsay because they are being offered to show Plaintiffs' belief—that the designs were not adequate—was reasonable.

The Court first addresses introduction of testimony from the three contractors. The Court finds no basis to exclude testimony from these individuals at trial. While Defendant cites multiple avenues upon which these witnesses' testimony can be impeached or undermined, this argument bears upon the weight rather than admissibility of the testimony. On balance, the trier of fact can determine what weight to accord this evidence.

To the extent Plaintiffs hope to reference statements from these general contractors through other witnesses, such efforts would constitute inadmissible hearsay. Plaintiffs argue they are offering the statements, not for the truth of the matter asserted, but to show that Plaintiffs' belief that the designs were inadequate was reasonable. This appears to be a trojan horse attempt to conceal inadmissible hearsay as non-hearsay. For one, it is not clear why Plaintiffs would need to show whether they reasonably believed

the design plans were inadequate. Plaintiffs' subjective belief about the inadequacy of the design plans is immaterial to their breach claim. And even if it was, the risk of unfair prejudice in allowing admission of inadmissible hearsay that Defendant cannot cross-examine or otherwise challenge is substantial. Thus, the Court finds that references to the contractors' statements is inadmissible hearsay. If Plaintiffs want to get these statements into evidence, they must call the contractors to testify at trial.

Third, Defendant moves to exclude emails between the parties containing alleged misleading references to deadlines. Defendant asserts these emails lack context and are thereby misleading. Plaintiffs respond these emails were authenticated during a deposition taken in this action and are otherwise admissible under the business records exception. Plaintiffs assert the emails were exchanged around the time contractors reviewed Defendant's design plans, they were kept in the ordinary course of a regularly conducted activity of Plaintiffs' business, and electronic communication was a regular practice of Plaintiffs' business.

The Court agrees with Plaintiffs that these communications are admissible. These emails provide specific snapshots of communications between the parties during the relevant time period. To the extent these emails lack context and are potentially misleading, Defendant can offer evidence that provides additional context. Moreover, these emails are highly probative of whether and when Defendants were put on notice of certain deadlines. Additionally, these emails can be admitted under FRE 803(6) because they were sent during the time Defendants prepared the design plans, they were kept in the ordinary course of the regularly conducted business activities of Plaintiffs and Defendants, email communication is a regular practice of the parties' business activities, and there is no indication of a lack of trustworthiness from these communications. Finally,

Defendant cannot show that the high probative value of these emails is substantially outweighed by the risk of unfair prejudice. Therefore, the Court finds no basis to exclude the emails at this stage.

Fourth, Defendant seeks to preclude characterization of the design plans as inadequate because such a determination could only be made by the city, and the plans were never submitted to the city for review. Thus, according to Defendant, any characterization of the plans as inadequate would be speculative and unfairly prejudicial under Rule 403. Plaintiffs respond that it is not speculative for their expert witnesses to discuss the necessary conditions for permit issuance and to opine on whether the design plans satisfied each of those conditions. Plaintiffs explain their expert witnesses will not testify whether the city would in fact approve said plans, but rather whether said plans satisfied each of the conditions for permit issuance. The Court agrees with Plaintiffs. It is not speculative for Plaintiffs' expert witnesses to opine on whether the design plans satisfied certain conditions of permit issuance. It would only be speculative for the expert witnesses to definitively conclude whether the plans would in fact be approved by the city.

Fifth, Defendant seeks to preclude Patel's testimony regarding the alleged delay period that was caused by the original design team. Defendant argues this is speculative because Patel did not analyze the delay period in discrete periods of time and who caused each period, and did not conduct a specialized delay damages analysis. Plaintiffs respond that Patel's testimony will constitute appropriate evidence of delay damages. They argue it is not speculative because it is based on his personal knowledge of contract negotiations, retention, and payment of subsequent design professionals. Plaintiffs explain Patel is not proffering an expert opinion, and Plaintiffs add they have never alleged discrete periods of delay. Moreover, Plaintiffs note, Patel need not be an expert to opine

on the financial impact to his own business. The Court finds no basis to preclude Patel from offering evidence of delay damages. Patel is competent to testify to matters within his personal knowledge that are probative of delay damages, including but not limited to his contract negotiations, retention of subcontractors and other professionals for the project, and payment of subsequently retained subcontractors and other professionals. Moreover, he is competent to testify to the financial impact on his business. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Promus, Inc.'s Motion *In Limine* (DE [134]) is **GRANTED IN PART AND DENIED IN PART** for the reasons discussed above.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 28th day of October 2022.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF